UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                       Plaintiff

v.                                                                       Criminal Action No. 3:20-cr-61-RGJ

FRANK TRAMMELL, JR                                                                                Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Frank Trammell, Jr.'s ("Trammell") Motion for a New Trial and Motion to Arrest Judgment. [DE 439]. The United States responded. [DE 449]. This matter is ripe. For the reasons below, Trammell's Motion for a New Trial and Motion to Arrest Judgment [DE 439] is **DENIED**.

**I.   BACKGROUND**

This matter came before the Court for a jury trial in Louisville, Kentucky on October 24, 2022 through October 28, 2022; October 31, 2022 through November 1, 2022. The jury found Trammell guilty on all counts brought against him, Counts 1, 2, 3, 4, 6, 11, 12, 13, 14, 15, 17, 18, and 19 of the Fourth Superseding Indictment. [DE 425 at 2371].

Relevant to this motion, Counts 17 and 18 are Possession of a Firearm by a Prohibited Person and Count 19 is Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [DE 345 at 1623-29].

During trial, the Court learned of potential contact between members of the jury and parties or family of the parties, so the Court held a *Remmer* hearing and conducted voir dire of the individual members of the jury on a sealed record. [Jury Trial Transcript Day 5, 40-102:19]. The Court asked each juror if they either personally had or witnessed any communications between

other jurors with any of the parties or family members of the parties in the case. [*Id.*]. The Court also asked each juror if they felt able to continue as a fair and impartial juror in the case, and every juror answered in the affirmative. [*Id.*]. The Court exercised its discretion to dismiss one juror from the panel that the Court did not believe could be fair and impartial after witnessing an exchange between a party and a juror. [*Id.* at 121:22-122:19]. At the conclusion of the voir dire, Trammell moved for a mistrial, which the Court denied based on its satisfaction that the jury panel's answers were sincere that they would serve their duty fair and impartially. [*Id.* at 103:2-124:13]. The Court took additional measures to ensure no additional encounters would occur and added to its admonition, telling jurors to inform the Court of any concerns and admonishing them not to discuss any concerns or interactions with other jurors. [*Id.* at 134:1-17].

Trammell now moves pursuant to Fed. R. Crim. P. 33(a) to vacate the jury verdicts and grant a new trial based on the Court's "failure to grant mistrial after jurors reported concerns about safety." [DE 439 at 2469]. He also asks the Court under the same rule[1] to "reconsider the constitutional validity of the statutes upon which Counts 17, 18, and 19 of the 4th Superseding Indictment are premised." [*Id.*].

## II. STANDARD

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, [a district] court may vacate any judgment and grant a new trial if the interest of justice so requires." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (quoting Fed. R. Crim. P. 33(a)). Rule 33's "interest of justice" standard allows the grant of a new trial where substantial legal error has occurred. *United States v. Whittle*, 223 F. Supp. 3d 671, 675 (W.D. Ky. 2016), *aff'd,* 713 F. App'x

---

[1] While Trammell's motion here cites Fed. R. Crim. P. 34(a), this appears to be a typographical error, as the rest of the motion refers only to Rule 33, and Rule 34 is appropriate when the Court "does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a). Regardless, the Court's below analysis is the same.

457 (6th Cir. 2017) (citing *Munoz*, 605 F.3d at 373). The court may grant a new trial on one of two grounds: (1) newly discovered evidence under Rule 33(b)(1); or (2) a motion "grounded on any reason other than newly discovered evidence" under Rule 33(b)(2). *Id.* The burden is on the defendant to justify a new trial. *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009). "The decision to grant or deny a motion for a new trial is entirely within the discretion of the district court, and [the Sixth Circuit] will not reverse absent a showing of an abuse of discretion." *United States v. Anderson*, 76 F.3d 685, 692 (6th Cir. 1996); *see also United States v. Farrad*, 895 F.3d 859, 885 (6th Cir. 2018); *United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015). "[S]uch motions should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993); *see also United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (Rule 33 motions "are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." (citation and quotation omitted)).

### III.   DISCUSSION

   *i.   Juror Intimidation Concerns*

Trammell argues that the interest of justice requires a new trial because the jurors in this trial "reported concerns about possibly being photographed during a lunch recess." [DE 439 at 2469]. He argues the "concerns of the jurors could not be assuaged and that jurors may well have thought that Mr. Trammell had something to do with the incident," and due to "the likelihood of prejudice," he requests a new trial. [DE 439 at 2469]. Trammell cites no case law or authority suggesting that a new trial would be appropriate under these circumstances. The United States argues that Trammell has not met his burden of proving actual prejudice under *United States v. Pennell*, 737 F.2d 521 (6th Cir. 1984) and *Smith v. Phillips*, 455 U.S. 209 (1982). [DE 449 at 2513].

"Upon being apprised of alleged jury tampering, courts are to hold a Remmer hearing to determine to what extent, if any, the jury has been tainted." *United States v. Corrado*, 304 F.3d 593, 597 (6th Cir. 2002). "[T]he burden of proof rests upon a defendant to demonstrate that unauthorized communications with jurors resulted in actual partiality. Prejudice is not to be presumed." *United States v. Pennell*, 737 F.2d 521, 532 (6th Cir. 1984); *see also United States v. Zelinka*, 862 F.2d 92, 95–96 (6th Cir. 1988) ("Four points emerge from our decision in Pennell: (1) when a defendant alleges that an unauthorized contact with a juror has tainted a trial, a hearing must be held; (2) no presumption of prejudice arises from such a contact; (3) the defendant bears the burden of proving actual juror bias; and (4) juror testimony at the '*Remmer* hearing' is not inherently suspect."). The Sixth Circuit has suggested that "deference should be accorded a district court's findings made after a properly conducted hearing." *Pennell*, 737 F.2d at 532; *see also United States v. Herndon*, 230 F.3d 1360 (6th Cir. 2000) (Table) (affirming the trial court's finding, after conducting a *Remmer* hearing, that no actual prejudice resulted from alleged juror bias, and stating: "This court defers to the fact-finder's determinations regarding witness credibility."); *United States v. Griffith*, 756 F.2d 1244, 1252 (6th Cir. 1985) ("[O]n appeal the judge's decision whether to grant a mistrial because of the juror's use of or exposure to extraneous matter will be reviewed only for abuse of discretion.") (citations omitted).

The Court first notes that Trammell, who bears the burden of proving actual prejudice, does not argue that the "jurors['] reported concerns" resulted in actual prejudice here. [DE 439 at 2469]. Rather, he argues that there is a "likelihood of prejudice." [*Id.*]. Further, he does not argue that the *Remmer* hearing was deficient, that any of the Court's observations were erroneous, or that any of the individual jurors were biased based on their responses. The Court also notes that it gave counsel for both the United States and the Defense opportunity to request the Court ask additional

4

follow-up questions. Rather, he broadly argues that the panel as a whole was likely prejudiced by reported safety concerns. [DE 439 at 2468-69]. However, the Court asked each member of the jury panel if they could serve as an impartial—or unprejudiced—member of the jury panel, and each member of the panel answered that they could. [Jury Trial Transcript Day 5, at 43:25-102:19]. Even still, the Court dismissed one juror that the Court had concerns could serve as a fair and impartial juror because of their hesitation in answering the posed questions. [*Id.* at 121:22-122:19]. "[J]uror testimony at the '*Remmer* hearing' is not inherently suspect," and Trammell has given the Court no reason to disbelieve the jurors' testimony here. *Zelinka*, 862 F.2d at 96. The jurors testified that they could serve as impartial members, and the Court believes their testimony that they could and did just that. *See Pennell*, 737 F.2d at 534 ("In light of [the juror's] repeated assertions of her continued ability to decide the case solely upon the evidence, the district court was entitled to find that she remained impartial."). Trammell has not met his burden of proving prejudice, and the Court thus **DENIES** his Motion for New Trial [DE 439].

 ii.  *Constitutional Validity of the Counts and Right to Self-Defense*

Trammell also moves to arrest the Judgment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 213 L. Ed. 2d 387 (June 23, 2022), arguing that counts 17, 18, and 19 of the Fourth Superseding Indictment are constitutionally invalid because he has a right to self-defense. [DE 439 at 2469-71]. As both parties note, the Court explicitly ruled on this argument—constitutional validity of the firearms charges and Trammell's right to self-defense—before trial. [DE 389; DE 439 at 2468; DE 449 at 2514]. The instant motion is thus, in effect, a motion for reconsideration. The United States' response cites a page of authorities supporting denial of Trammel's motion,

including the third circuit and thirty-two District Court decisions rejecting the same type of post-*Bruen* challenge.[2] [DE 449 at 2514-16].

The Federal Rules of Criminal Procedure do not provide for a motion to reconsider and thus federal courts typically decide motions for reconsideration under the standards provided by Federal Rules of Civil Procedure 59(e) and 60(b). *See United States v. Moon*, 527 F. App'x 473, 474 (6th Cir. 2013). Rule 59(e) allows the Court to alter a previous decision based on "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Federal Rule of Civil Procedure 60(b) allows relief from a judgment where the movant demonstrates: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; stems from an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Trammell's motion does not suggest that the Court's earlier order was based on a clear error of law, that there is any newly discovered evidence, that there is any intervening change in controlling law, or a need to prevent manifest injustice. Rather, it asserts the same arguments as

---

[2] The response also notes that the United States is unaware of any court having ruled for such a challenge. [DE 449 at 2515]. The Court is neither aware of any such decision, nor does Trammell cite any.

6

his previous motion.[3]  Having no basis on which it should reconsider, the Court rests on its earlier Order [DE 389] on this issue and **DENIES** the Motion to Arrest Judgment [DE 439].

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. Trammell's Motion for a New Trial and Motion to Arrest Judgment [DE 439] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

January 3, 2023

Cc:   Counsel of Record

---

[3] Trammell does assert the new arguments that this "matter cannot be resolved on appeal [because] by dismissing now the Court can impose a sentence that will not be infected by consideration of firearms convictions that must be reversed on appeal [and because] the Supreme Court is serious about applying *Bruen* to current cases." [DE 439 at 2471].  The Court finds this argument unpersuasive aside from failing to meet the standard.