UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:20-cr-0061-RGJ
Civil Action No. 3:26-cv-00163-RGJ

FRANK TRAMMELL, JR. Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Frank Trammell, Jr. ("Trammell") objects to the Magistrate Judge's Finding of Facts, Conclusions of Law, and Recommendation on Trammel's Motion to Vacate filed under 28 U.S.C. 225. [DE 722]. Trammell also moves to amend his Motion to Vacate. [DE 723]. The United States has not responded to either Trammell's objections or motions and the time to do so has not passed. However, the Court finds a response unnecessary. For the reasons below, Trammell's objections are **DENIED** [DE 722] and Trammell's motion to amend [DE 723] is **DENIED**.

## I. BACKGROUND

The Court conducted a jury trial in this case in October and November 2022. [DE 425]. The jury found Trammell guilty on all counts brought against him, Counts 1 (Conspiracy), 2, 3 & 4 (Distribution of Controlled Substances), 6 (Distribution of Controlled Substances), 11, 12, 13 & 14 (Distribution of Controlled Substances), 15 (Possession with Intent to Distribute Fentanyl), 17 & 18 (Possession of a Firearm by a Prohibited Person), and 19 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) of the Fourth Superseding Indictment. [DE 425 at 2371]. Trammell was sentenced on March 16, 2023, to 327 months imprisonment (concurrent) for Counts 1, 2-4, 6, 11-14, and 15, 120 months (concurrent) for Counts 17-18, and 60 months (consecutive) for Count 19. [DE 524, DE 525].

After an appeal which affirmed his trial verdict and sentence [DE 687], Trammell moved pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 710]. This matter was referred to United States Magistrate Judge Regina S. Edwards for report and recommendation. [DE 711]. Judge Edwards entered her Findings of Fact, Conclusions of Law, and Recommendation ("R&R") on August 21, 2026, recommending that Trammell's motion be denied, Trammell's motion be dismissed, and a certificate of appealability be denied. [DE 718]. Objections to the magistrate judge's recommendation were due within fourteen days after service. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). This information was set forth on the face of the R&R. [DE 718 at 6155 ("Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. Fed. R. Civ. P. 72(b)(2). If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 150-51 [] (1985).").

Objections to the R&R were received by the Court and entered on the record on October 13, 2026. [DE 722]. The certificate of service states that "I Frank Trammell Jr., defendant hereby state that, personally placed a true copy of the response to the recommendation in the postage on 9-20-2026." [*Id.* at 6165]. The accompanying envelope, however, does not include a stamp indicating the date that corrections received the mail, and includes a postmark date of October 9, 2026. [*Id.*]. Trammell's motion to amend his motion to vacate was also received by the Court and entered on the record on October 13, 2026. [DE 723]. As with Trammell's objections, his handwritten certificate of service states that put his motion in the legal mail system on September 20, 2026 and the envelope of the mailing has a postmark of October 9, 2026. [DE 723 at 6169-70].

## II. STANDARD

a. Standard of Review for the Report and Recommendation

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which party makes no specific objection and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn,* 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). The court does not permit a general objection that fails to identify specific factual or legal issues from the R&R as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

b. Standard for Amending Motion to Vacate Sentence under 28 U.S.C. § 2255(a)

A defendant may move to vacate, set aside, or correct his sentence, if it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 15(a) of the Federal Rules of

Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

As an initial matter, before addressing Trammell's objections, the Court must determine whether the objections were timely. Objections to the magistrate judge's recommendation were due within fourteen days after service. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In the R&R, the magistrate judge advised the parties that objections to the Report must be filed within fourteen (14) days. The magistrate judge also advised that a party's failure to timely object would constitute a waiver of the right to further appeal.

The calculation of Trammell's deadline for objections is governed by Federal Rule of Civil Procedure 5 and 6. Service is calculated from the time of mailing under Fed. R. Civ. P. 5(b)(C) ("mailing it to the person's last known address—in which event service is complete upon mailing"). Under Rule 6(a)(1), every day is counted, except for the day of the event (here the day of mailing of the R&R, August 21, 2026), and except for the last day of the time period if the last day falls on a Saturday, Sunday, or a legal holiday (which it was not as it fell on Friday, September 4, 2026). Additionally, under Rule 6(d), three days must be added to the fourteen-day period because it appears the R&R was served by mail on Trammell as a *pro se* prisoner, and the "mailbox rule," which applies to *pro se* individuals who are incarcerated, provides that a motion is deemed filed when it is placed in the mail rather than when it is received by the Clerk. *See, e.g., Brand v.*

*Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under [the "prison mailbox rule"], a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

As a result, Trammell had 17 days from date of the magistrate judge's R&R, excluding the date on which it was mailed, to file his Objections, making his deadline Monday, September 7, 2026. Under the prison "mailbox rule," Trammell's Objections as a *pro se* prisoner are considered filed at the time he "delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Thompson v. Chandler*, 36 F. App'x 783, 784 (6th Cir. 2002) (citing *Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999)); *Johnson v. Ricardi*, No. 1:19-CV-254, 2021 WL 2451278, at *1 (W.D. Mich. June 16, 2021). Although unclear from the documentation with Trammell's filing, the earliest possible date asserted on his objections is set forth in the certificate of service, stating that he put his objections in the prison mailbox on September 20, 2026. This is at least thirteen days after his objections were due. By failing to object timely, Trammell waived his right to do so. *Thomas*, 782 F.2d at 814-15. Thus, Trammell's objections were not timely filed, and his failure to timely object to the report releases the Court from its duty to independently review the matter. *Thomas*, 474 U.S. at 149.

Nevertheless, the Court has reviewed the late objections and finds that they fail. Trammell makes the following objections: (1) "The defendant believes he has made a showing of counsel's errors, and how the proceedings would have been different[,]" (2) "The defendant believes the government failed to address his claims of I.A.C. correctly, instead lumping them all together to find fault[,]" (3) "Defendant believes he has shown how his sentence was due to counsel's ineffectiveness [,]" and (4) "A speedy trial violation has to be explained not just given, in the interest of justice and the public, which was a violation[,]" and (5) "Defendant believes he should be given the opportunity to leave to amend his 2255 motion to better articulate his claims."

First, Trammell's untimely objections repeat the arguments that the Magistrate Judge already rejected and fails to explain in detail and cite specific portions of the report which he deems objectionable. When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). An objection "is specific when 'it explain[s] and cite[s] specific portions of the report which [the movant] deem[s] problematic.'" *United States v. Beard*, No. 513-CR-00022-TBR-LLK, 2017 WL 3055513, at *2 (W.D. Ky. July 19, 2017) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)) (first, second, and fourth alterations in original). Objections are not "sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas*, 474 U.S. at 150. Here, the arguments raised in Trammell's objection about ineffective assistance of counsel merely restate are the same arguments the Court has already rejected. [*See* DE 718 R&R; *Compare* DE 710, Motion to Vacate at 6018–63, *with* DE 722, Objection to Findings of Fact at 6163–64]. Further, Trammell's objections are general and do not specifically point out any error in the Magistrate Judge's R&R. Thus, the Court need not consider them again and these objections fail and are DENIED.

As to Trammell's motion to amend, he states that he "seeks to amend his motion in order to assert his claims more clearly," that he "may want to support additional claims and or evidence," that he "believes his amended motion will remedy any defects of his original motion in that it will

prove the merits of defendants [sic] claims," and "[a]dditional facts will illustrate how the defendant was prejudiced by counsel [sic] ineffectiveness through out [sic] the proceedings." [DE 723 at 6167]. Courts evaluate several factors when deciding whether to permit amendment of a § 2255 motion: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *United States v. Dado*, No. 09-CR-20523, 2016 WL 4136724, at *1 (E.D. Mich. Aug. 4, 2016) (applying Rule 15 in the context of a motion to amend a § 2255 motion). Further, the issuance of an R&R is a significant procedural event that weighs against granting leave to amend. *Sullivan v. United States*, 587 F. App'x 935, 945 (6th Cir. 2014). Here, Trammell's motion to amend comes after full briefing of his § 2255 motion and an R&R by the Magistrate Judge. Trammell does not provide any basis for why the amendment he seeks could not have been filed sooner or why the information he seeks to add could not have been included before. Most importantly, Trammell's given reasons for seeking to amend are highly general and Trammell does not provide specific information such as what defects he seeks to cure, or what facts or evidence he seeks to add. Thus, the Court can only conclude, based on the limited information stated, that his amendment would be futile. Accordingly, Trammell's motion to amend is DENIED.

## CONCLUSION

For the reasons above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Trammell's objections are **DENIED** [DE 722] and Trammell's motion to amend [DE 723] is **DENIED**.

October 23, 2026

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant Trammell, pro se